UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:05-CV-786-H

EDWARD EARL MARTIN                                                                           PETITIONER

v.

JOHN MOTLEY, WARDEN                                                                         RESPONDENT

### MEMORANDUM OPINION AND ORDER

Petitioner, Edward Earl Martin, *pro se*, seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging a state conviction and sentence. This matter is before the Court for preliminary review. *See* Rule 4, Rules Governing § 2254 Cases, 28 U.S.C.A. foll. § 2254. Because it appears this petition is untimely, the Court will enter a show cause order.

I.

On November 12, 1992, Petitioner was convicted, following a jury trial in the Jefferson Circuit Court of Kentucky, on two counts of first-degree robbery, one count of first-degree burglary, one count of first-degree assault, and as a first-degree persistent felony offender. Petitioner was sentenced to 220 years' imprisonment. Petitioner appealed, and the Supreme Court of Kentucky affirmed the conviction and sentence on September 30, 1993. (Petitioner did not pursue direct federal review.)

Petitioner then sought state, collateral review of his conviction, on two separate occasions, and the Kentucky courts denied relief. Details of the disposition of these motions follows:

First, on April 10, 1996, Petitioner sought relief under Rules 11.42 and 60.02 of the Kentucky Rules of Civil Procedure. The trial court overruled Petitioner's motion on July 31, 1996. Petitioner appealed, and the Kentucky Court of Appeals affirmed on May 8, 1998. The

Supreme Court of Kentucky denied Petitioner's belated motion for discretionary review on August 31, 1998.[1]

Second, on February 7, 2003, Petitioner sought relief in the trial court again under Rule 60.02. The trial court overruled Petitioner's motion. (DN #1, Attach Part 2, at p. 19-21, Opinion and Order, Mar. 14, 2003.) Petitioner appealed, and the Kentucky Court of Appeals affirmed on October 8, 2004. The Supreme Court of Kentucky denied discretionary review on August 17, 2005.

## II.

Before reviewing the merits of a habeas petition, the Court must determine whether Petitioner timely seeks federal review. *See Scott v. Collins*, 286 F.3d 923, 928-29, fn 5 (6th Cir. 2002).

By legislation enacted in 1996, Congress established a one-year limitations period for filing federal habeas petitions. Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d)(1). If a petitioner's state conviction became final before the effective date of the AEDPA, the law of this circuit permits a one-year grace period from the date the AEDPA was passed, April 24, 1996, making pre-AEDPA federal petitions due April 24, 1997. *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002); *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). The limitation period for pre-AEDPA petitions, moreover, is tolled pending a properly filed post-conviction motion in state court. *Payton,* 256 F.3d at 408 (citing 28 U.S.C. §

---

[1] According to the petition, on October 6, 1996, Petitioner also filed a motion seeking relief under Kentucky Rules 11.42 and 60.02. A copy of this motion is attached to the petition. (DN #1, Attach Part 2, at pp. 32-37). Again, according to the petition, the trial court overruled the motion on November 12, 1992 – obviously, an incorrect year. Neither the trial nor the appellate courts refer to this intervening motion. (DN #1, Attach Part 2, at pp. 19-21, Opinion and Order, Mar. 14, 2003; and pp. 22-27, Opinion Affirming, Oct. 8, 2004.) The motion does not appear on the state docket sheet attached to the petition, and the motion itself is not file-stamped. Because there is no indication the disposition of this motion extended beyond the disposition of the first post-conviction motion, the Court concludes it has no bearing on the calculation of the limitations period.

2244(d)(2)); *see also Jurado v. Burt*, 887 F.3d 638 (6th Cir. 2003).

Here, both Petitioner's conviction and the first state, post-conviction motion occurred before the enactment of the AEDPA. (His conviction was final in 1993 and the first 11.42 motion was filed April 10, 1996.) This first motion, thus, immediately tolled the one-year grace period. Because Petitioner untimely filed for discretionary review in the state high court, however, the motion cannot be characterized as "properly filed" there. Thus, the clock began to run once the intermediate appellate court denied relief on May 8, 1998. Nearly four-and-a-half years transpired before Petitioner filed the second state habeas petition, February 7, 2003.

Petitioner's one-year grace period, therefore, expired in May 1999. Petitioner's second motion for state post-conviction relief failed to prevent the expiration of the federal habeas one-year grace period. "The tolling provision does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y. 1998); *see also Thompson v. Chandler*, 2003 WL 343249 (6th Cir. 2003) (an unpublished disposition rejecting the petitioner's argument that the habeas one-year limitations period is inconsistent with the three-year period within which Kentucky prisoners may file a post-conviction action under Rule 11.42; and holding the federal limitations period is tolled only while a properly filed state post-conviction action is actually pending).

The Court concludes more than a reasonable time has transpired for seeking federal relief, even excluding the time the second state motion was pending, from February 2003 to August 2005. Because this petition, filed November 30, 2005, falls well outside the one-year

3

grace period, which expired in May 1999, the Court will require Petitioner to show cause why the Court should not dismiss *sua sponte* this petition as untimely.

WHEREFORE,

**IT IS HEREBY ORDERED** that Petitioner shall **SHOW CAUSE** within 30 days of entry of this Order why the Court should not DISMISS this petition on the ground that Petitioner files this petition outside the one-year grace period. Failure to show cause, in itself, within the time allowed may result in DISMISSAL of this petition.

Dated:

cc: Petitioner, *pro se*
      Respondent
      Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024
          Capital Center Drive, Frankfort, KY 40601

4412.007