UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:05CV-P786-H

**EDWARD EARL MARTIN**            **PETITIONER**

**v.**

**JOHN MOTLEY, WARDEN**            **RESPONDENT**

### MEMORANDUM OPINION

Petitioner Edward Earl Martin filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concluded that the petition appeared to be time barred and directed Petitioner to show cause why the action should not be dismissed. On review of Petitioner's timely response in conjunction with the petition, the Court concludes that the § 2254 petition is time barred and must be denied.

### I. SUMMARY

On November 12, 1992, Petitioner was convicted, following a jury trial in the Jefferson Circuit Court of Kentucky, on two counts of first-degree robbery, one count of first-degree burglary, one count of first-degree assault, and as a first-degree persistent felony offender. Petitioner was sentenced to 220 years' imprisonment. Petitioner appealed, and the Supreme Court of Kentucky affirmed the conviction and sentence on September 30, 1993. Petitioner did not pursue direct federal review.

Petitioner then sought state, collateral review of his conviction, on two separate occasions, and the Kentucky courts denied relief. Details of the disposition of these motions follow:

First, on April 10, 1996, Petitioner sought relief under Kentucky Rule of Criminal Procedure 11.42 and Kentucky Rule of Civil Procedure 60.02. The trial court overruled

Petitioner's motion on July 31, 1996. Petitioner appealed, and the Kentucky Court of Appeals affirmed on May 8, 1998. The Supreme Court of Kentucky denied Petitioner's belated motion for discretionary review on August 31, 1998.[1]

Second, on February 7, 2003, Petitioner sought relief in the trial court again under Rule 60.02. The trial court overruled Petitioner's motion (DN 1, Attach., Part 2, at pp. 19-21). Petitioner appealed, and the Kentucky Court of Appeals affirmed on October 8, 2004. The Supreme Court of Kentucky denied discretionary review on August 17, 2005. Petitioner filed the instant § 2254 petition on November 25, 2005.[2]

## II. ANALYSIS

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of that Act apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute, § 2244(d), provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

---

[1] According to the petition, on October 6, 1996, Petitioner also filed a motion seeking relief under Kentucky Rules 11.42 and 60.02. A copy of this motion is attached to the petition (DN 1, Attach., Part 2, at pp. 32-37). Again, according to the petition, the trial court overruled the motion on November 12, 1992 – obviously, an incorrect year. Neither the trial nor the appellate court refers to this intervening motion (DN 1, Attach., Part 2, at pp. 19-21, 22-27). The motion does not appear on the state docket sheet attached to the petition, and the motion itself is not file-stamped. Because there is no indication that the disposition of this motion extended beyond the disposition of the first post-conviction motion, the Court concludes it has no bearing on the calculation of the limitations period.

[2] "Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts." *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266, 273 (1988)). Petitioner declared under penalty of perjury that he placed his § 2254 petition in the prison mailing system on November 25, 2005.

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

In the response to the Court's show cause order, Petitioner claims, "I did not know of my claims within my latest petition until they were researched and presented within my latest state court petition. Again, under Kentucky law the discovery rule triggers applicable statute of limitations." He describes this claim no further. In liberally construing the response, the Court concludes that Petitioner effectively argues that § 2244(d)(1)(D) controls the commencement date of the statute of limitations. His argument fails.

Petitioner only broadly claims that he did not know of his claims within his latest petition until the filing of his latest petition. He does not proffer the date on which he began his research, when he discovered his alleged claims, or why it took him over ten years after his conviction and well over four years after his completion of his first, state post-conviction motion to discover his claims. He even fails to identify the *claims* which he allegedly only recently discovered.

3

A review of the record, however, reveals that he filed his latest state-court petition on February 7, 2003, and that he argued "that he was never given a psychiatric examination prior to trial even though a competency evaluation was ordered by the Court on April 16, 1992" (DN 1, Attach., Part 2, at p. 19) and that the trial court failed to conduct a competency hearing. *Id.* at p. 23. The Jefferson Circuit Court denied the motion and found that, contrary to Petitioner's assertion, he was, in fact, evaluated prior to trial by the Kentucky Correctional Psychiatric Center ("KCPC") on May 13 and 19, 1992, although the evaluation took place at the jail in which he was confined rather than as an inpatient at KCPC. The circuit court further noted that a competency report had been sent to Petitioner's counsel and that Petitioner had undergone a CT scan, which was negative. The Kentucky Court of Appeals, in affirming the circuit court's decision, found, in part, that "Martin's claim was known to him at the time of his conviction and concern[ed] matters that he should have raised in his direct appeal or (at the latest) in his motion pursuant to RCr 11.42." *Id.* at pp. 25-26. Petitioner wholly fails to demonstrate that he was unaware at the time of trial in 1992 either that he was not given a psychiatric evaluation (an allegation that the record clearly refutes) or that he did not have a competency hearing. The fact that Petitioner may not have known of the legal significance of those facts until 2003 does not render § 2244(d)(1)(D) applicable. *See Redmon v. Jackson*, 295 F. Supp. 2d 767, 771 (E.D. Mich. 2003) ("[U]nder § 2244(d)(1)(D), the time under the limitations period begins to run is when a petitioner knows, or through due diligence, could have discovered, the important facts for his claims, not when the petitioner recognizes the legal significance of the facts.") (citing *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)).

Consequently, the Court concludes that the filing of his latest state-court-petition did not trigger the running of the statute of limitations under § 2244(d)(1)(D). Rather, the Court concludes that § 2244(d)(1)(A)--the date on which his judgment of conviction became final--applies.

Petitioner's direct appeal of his conviction ended on September 30, 1993, when the Supreme Court of Kentucky affirmed his conviction. His conviction became final for purposes of the AEDPA's statute of limitations period on December 29, 1993, the date on which the 90-day time period for seeking certiorari review from the U.S. Supreme Court expired. *Isham v. Randle*, 226 F.3d 691, 695 (6th Cir. 2000) (finding that with respect to the direct review of a conviction "the one year limitations period does not begin to run until after the time for filing a petition for a writ of certiorari with the United States Supreme Court has passed"); *Bronough v. Ohio*, 235 F.2d 280, 283 (6th Cir. 2000) (same).

Because Petitioner's conviction became final prior to the passage of the AEDPA on April 24, 1996, "he had a one-year grace period, lasting until April 24, 1997, in which to file his habeas petition." *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003) (citing *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002)). "The one-year period of limitations is tolled by the amount of time that 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending' in state court." *Jurado v. Burt*, 337 F.3d at 640 (quoting 28 U.S.C. § 2244(d)(2)).

Since Petitioner's first, state post-conviction motion was filed on April 10, 1996, it immediately tolled the one-year grace period. Because Petitioner untimely filed for discretionary review in the Kentucky Supreme Court on August 31, 1998, however, the motion for discretionary review cannot be characterized as "properly filed" there. *See Pace v. DiGuglielmo*, 544 U.S. 408,

5

413 (2005) ("[T]ime limits on postconviction petitions are 'condition[s] to filing,' such that an untimely petition would not be deemed 'properly filed.'") (quoting *Artuz v. Bennett*, 531 U.S. 4, 8, 11 (2000)). Thus, the clock began to run on June 8, 1998,[3] thirty days after the Kentucky Court of Appeals denied relief on May 8, 1998. *See* Ky. R. Civ. P. 76.20(b) ("[A] motion for discretionary review by the Supreme Court of a Court of Appeals decision shall be filed within 30 days after the date of the order or opinion sought to be reviewed . . . ."). Petitioner's grace period, therefore, expired one year later on June 8, 1999. And Petitioner's filing of his second, state post-conviction motion over three and a half years later on February 7, 2003, did not restart the one-year statute of limitations for filing his federal habeas petition. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.") (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)); *see Smith v. Stegall*, 141 F. Supp. 2d 779, 782-83 (E.D. Mich. 2001) ("A state court postconviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.") (citing *Webster v. Moore,* 199 F.3d 1256, 1259 (11th Cir. 2000)).[4] Because neither the

---

[3]The thirtieth day actually ended on June 7, 1998, but because that date was a Sunday, the 30-day period ended on the following Monday, June 8, 1998. *See* Fed. R. Civ. P. 6(a) ("The last day of the period so computed shall be included, unless it is a Saturday, or Sunday, or a legal holiday . . . in which event the period runs until the end of the next day which is not one of the aforementioned days.").

[4]In *Smith*, 141 F. Supp. 2d at 783, the district court observed:

The tolling provisions of 28 U.S.C. § 2244(d)(2) do not re-start or revive the one year limitations period anew after there is a final decision on a state post-conviction motion. Instead, this section merely excludes the time a collateral attack is under submission to the state courts from the calculation of the one year statute of limitations period. If the one year limitations period has already expired, filing another motion for state post-conviction relief will not add new time to the limitations period. A contrary interpretation of §2244(d)(2) would allow a prisoner to avoid the effect of the AEDPA's one year statute of limitations through the device of bringing a belated state

instant § 2254 petition nor any other state post-conviction motions were filed or pending during the one-year period limitations period from June 7, 1998, through June 7, 1999, the petition is untimely under the statute.

Section 2254's one-year statute of limitations is not jurisdictional, however, and is subject to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied only "sparingly." *Id.* at 1008-09. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418 (assuming, without deciding, the application of equitable tolling for the purposes of that case).

In his response to the Court's Order to show cause, Petitioner broadly argues "entitlement . . . under equitable tolling principles." Nowhere, however, does he claim that he was unaware of the filing requirement, and he fails to establish that he diligently pursued federal habeas relief or that some external factor prevented him from filing a timely petition. Petitioner references "principles of federalism and comity" and asserts that his "reliance on the state law to comply with doctrines of federal habeas corpus, such as exhaustion, have effectively suspended the writ due to stringent limitation applications." Despite this argument, courts have consistently held that the one-year statute of limitations under does not violate the Suspension Clause. *See, e.g.*, *Saylor v. Mack*, 27 Fed. Appx. 321, 323 (6th Cir. 2001) (("Numerous courts have concluded that § 2244(d) does not constitute an unconstitutional suspension of the writ of habeas corpus."); *Wyzykowski v.*

---

collateral attack. Once the limitations period has fully run, a new application for post-conviction review in the state courts of claims which could have been raised before the limitations period had run does not reset or restart the limitations period.

*Id.* (citations and footnote omitted).

*Dep't of Corr.*, 226 F.3d 1213, 1217 (11th Cir. 2000) ("Every court which has addressed the issue--*i.e.*, whether, as a general matter, § 2244(d) constitutes an unconstitutional suspension of the writ--has concluded that it does not."); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 113 (2d Cir. 2000) ("[T]he limitations period does not render the habeas remedy 'inadequate or ineffective to test the legality of detention,' and therefore does not *per se* constitute an unconstitutional suspension of the writ.").

The only other argument Petitioner raises in support of equitable tolling is that "I did not know of my claims within my latest petition until they were researched and presented within my latest state court petition." As determined earlier in this opinion, however, Petitioner fails to articulate this argument with any specificity and fails explain why it took over ten years after his conviction to allegedly discover the claims raised in his latest state-court petition.

For the foregoing reasons, the Court concludes that equitable tolling is not appropriate in this case. Because Petitioner is not entitled to equitable tolling, the Court further concludes that the petition is untimely and must be denied.

### III.  CERTIFICATE OF APPEALABILITY

Before Petitioner may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies a habeas petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was

correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. at 484.  If the petition was denied on procedural grounds, both showings must be made before a certificate of appealability should issue and the matter be heard on appeal.  *Id*.  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.*  In such a case, no appeal is warranted.  *Id.*

The Court is satisfied in the instant case that no jurists of reason could find its procedural ruling to be debatable.  Thus, a certificate of appealability must be denied.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc:     Petitioner, *pro se*
        Respondent
        Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive, Frankfort, KY 40601
4412.005